UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| HARLEY-DAVIDSON CREDIT CORP., <br><br> Plaintiff, <br><br> v. <br><br> RASair, LLC and MARK B. GALVIN, <br><br> Defendants. | CASE NO.: Case 1:12-cv-00374-SM <br><br><br> ORDER CONCERNING ELECTRONICALLY STORED INFORMATION ("ESI") AND THE FORMAT OF PRODUCTION |

The Parties having agreed and assented to the entry of this Order, the Court Orders that the Parties shall produce discovery in the following format:

1. *Emails*. Each Party shall produce accessible emails as Portable Document Format ("PDFs") images with accompanying document-level full text, including, where available and not privileged, metadata regarding sender, recipient(s), date, time, and subject.

2. *Electronic Documents*. Each Party shall produce accessible electronic documents as PDF images with accompanying document-level full text.

3. Privilege Log Protocol:

    a. Privilege logs provided in lieu of producing requested documents shall be produced no more than 60 days after the date upon which the documents were required to be produced or were partially produced.

        i. Privilege logs shall comply with Rule 26(b)(5).

    b. Any party asserting privilege shall provide a separate entry for each document as to which the party asserts a privilege. The entry should list:

      i. the Bates number of the document; the nature of the privilege asserted (e.g., "attorney-client privilege" or "attorney work product");

      ii. the name(s) of the author(s) of the document (if known) (to the extent a document is comprised of an email chain, the name of the author on the most recent email in the chain will be identified);

      iii. the name(s) of the recipient(s) of the document (if known) (to the extent a document is comprised of an email chain, the name(s) of the recipient(s) on the most recent email in the chain will be identified);

      iv. the date the document was created (if known);

      v. and, which individuals listed on the log are attorneys.

  c. The parties shall list on their privilege logs all documents that have been redacted. Where a redaction is subsequently lifted by order of the Court or by agreement of the parties, the producing party shall produce a non-redacted version of the document.

  d. Privilege logs shall promptly be supplemented under Fed. R. Civ. P. 26 (e)(1) as to any document that becomes producible thereafter.

4. Redactions:

  a. All items redacted for privilege, whether paper documents or ESI, will be produced as PDFs.

  b. The PDF for a redacted item will identify the area of the document which was redacted. The privilege log will identify redactions for attorney-client privilege or attorney work product or other applicable privileges.

    c. The parties shall redact only those portions of a document that are within the scope of the permitted subject matter set forth above, and not the entire document or page unless the entire document or page is within such scope.

5. For documents that originally existed only in hard copy format or for ESI where redactions are required due to attorney-client or attorney work product privileges (consistent with the Protective Order entered in this action), the parties shall convert such documents into a PDF format.

6. The Parties shall produce all PDF-formatted documents on CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Parties may also produce documents using File Transfer Protocol or, if the production is small enough, through email. Each piece of Production Media, or each text box within the email sending the FTP link or within the email to which the production is attached, shall identify a production number corresponding to the production "wave" the documents and the Party on the Production Media are associated with.

7. Each page of a non-native produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document.

8. The parties agree to meet and confer in good faith subsequent to the exchange of their discovery requests to determine appropriate search terms to be used to cull ESI for attorney review and/or possible production.

9. The parties acknowledge their continuing obligation to preserve all potentially relevant documents and ESI in an accessible format. Defendant Galvin further states that he intends to make a full backup of his personal Gmail account in electronic formats no later than July

22, 2013, and will segregate any additional ESI to prevent spoilage, in the event Plaintiff later requests wider access to ESI than otherwise anticipated by this Order.

SO ORDERED

_____
Landya B. McCafferty
U.S. Magistrate Judge

Dated: July 18, 2013